**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT BOWLING GREEN**

KENDAL P. SCOTT                                                               PLAINTIFF

v.                                                     CIVIL ACTION NO. 1:25CV-P172-JHM

CITY OF BOWLING GREEN *et al.*                                            DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Kendal P. Scott filed the instant *pro se* prisoner 42 U.S.C. § 1983 action.  This

matter is now before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A.

For the reasons stated below, the Court will dismiss the action without prejudice.

### I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff is an inmate at Green River Correctional Complex.  He sues the City of Bowling

Green, the Bowling Green Police Department (BGPD), and Judge Grise in his individual and

official capacity.

Plaintiff states that on November 20, 2020, he "was secretly indicted" after the BGPD

began an investigation alleging that he had committed offenses of criminal possession of a

forged instrument, theft by deception, and persistent felony offender in the first degree.  Plaintiff

asserts as follows:

> BGPD alleged that Scott, in September/October 2020, purchased a Ram truck
> from Costello and gave him counterfeit money at a Walmart shopping store.  []
> BGPD confiscated the Ram truck without a warrant or probable cause.  [] Despite
> BGPD knowing that there was no probable cause to take the truck and arrest
> Scott, it still tried to prosecute Scott on the basis of Costello's false accusations,
> as it become clear that Costello reported the incident three days later.  [] Based
> [on] such false statements by Costello, BGPD signed a criminal complaint against
> Scott.  Scott was incarcerated at the county jail.

Plaintiff states that while he was awaiting trial he filed multiple motions for dismissal of

the charges "on the basis of insufficient evidence due to Costello statement."  He maintains that

Defendant Grise ignored his motions "despite the exculpatory evidence and attempted to silence Scott from airing out such issues on the record." He also asserts that Defendant Grise "conspired with BGPD to get Scott to agree to sign for a guilty plea agreement."

According to the complaint, on the trial date in November 2024, the Commonwealth filed a motion to dismiss the charges due to insufficient evidence "after Scott spent four years unlawfully detained." Plaintiff alleges claims for wrongful arrest, malicious prosecution, false imprisonment, unlawful search and seizure, and violation of due process.

As relief, Plaintiff seeks compensatory and punitive damages. In his demand for relief, he also states, "Policies and procedures concerning investigations by BGPD."

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When determining whether a plaintiff has stated a claim upon which relief can be

granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

### III. ANALYSIS

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Defendant Grise

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). As a judge, Defendant Grise is a state official. Claims brought against state officials in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Further, the Eleventh Amendment acts as a bar to claims for monetary damages against state officials or employees sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. Accordingly, Plaintiff's official-capacity claim for monetary damages against

3

Defendant Grise must be dismissed for failure to state a claim upon which relief may be granted and for seeking damages from a defendant who is immune from such relief.

As to the individual-capacity claim against Defendant Grise, judges are entitled to absolute immunity from suit for all actions taken in their judicial capacity. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam)). Judicial immunity is embedded in the long-established principle that "a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335 (1872)). A judge is entitled to immunity from suit even when accused of acting in bad faith, maliciously, or corruptly. *Mireles*, 502 U.S. at 11. Judicial immunity can be overcome in only two situations—for non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity, or for actions, though judicial in nature, which are taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *Stump*, 435 U.S. at 356-57. It is evident that the actions alleged in the complaint were in the scope of the Defendant Grise's judicial capacity and not beyond his jurisdictional authority. As such, Plaintiff's individual-capacity claim against Defendant Grise must be dismissed for seeking damages from a defendant who is immune from such relief.[1]

### B. Defendants City of Bowling Green and BGPD

Defendant BGPD is not a "person" subject to suit under § 1983 because municipal departments, such as police departments, are not suable under § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983).

---

[1] Plaintiff also requested injunctive relief in the form of "[p]olicies and procedures concerning investigations by BGPD." Because this is not injunctive relief that may be awarded against Defendant Grise, all claims against him will be dismissed.

In this situation, the City of Bowling Green is the proper defendant. *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). In regard to the second component, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Plaintiff does not allege that any action in the complaint was taken pursuant to a policy or custom of Defendant City of Bowling Green. His allegations pertain only to himself. Accordingly, Plaintiff's claims against Defendants City of Bowling Green and BGPD must be dismissed for failure to state a claim upon which relief may be granted.

### C. Wrongful arrest, false imprisonment, and illegal search and seizure

The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Plaintiff identifies no individuals personally involved in the alleged events giving rise to his claims for wrongful arrest, false imprisonment, and illegal search and seizure.

However, even if Plaintiff had identified specific individuals, his claim for wrongful arrest, false imprisonment, and illegal search and seizure would be barred by the statute of limitations. Section 1983 does not contain its own statute-of-limitations period, but constitutional claims asserted under § 1983 are governed by the state personal injury statute of limitations. *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). Personal injury actions in Kentucky "shall be commenced within one (1) year after the cause of action accrued." Ky. Rev. Stat. § 413.140(1); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

The applicable statute of limitations is determined by state law, but the "date on which the statute of limitations begins to run in a § 1983 action is a question of federal law." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (citing *Kuhnle Bros., Inc. v. Cnty. of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997)). "[A] claim for wrongful arrest

6

under § 1983 accrues at the time of the arrest or, at the latest, when detention without legal process ends." *Fox*, 489 F.3d at 233 (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007)); *see also Dibrell v. City of Knoxville*, 984 F.3d 1156, 1162 (6th Cir. 2021) (holding that false-arrest and false-imprisonment claims "accrue when the *false* imprisonment ends with the issuance of legal process—when, for example, the plaintiff is brought before a magistrate") (emphasis in original) (citing *Wallace*, 549 U.S. at 389-90).  Therefore, the statute of limitations on Plaintiff's false arrest claim began to run on the date of his arrest, on November 20, 2020, or at the latest on the date when Plaintiff was arraigned, which presumably was just a matter of days later.  The statute of limitations expired one year later.  Because the complaint was not filed until November 16, 2025,[2] almost four years after the expiration of the limitations period, it is obvious on the face of the complaint that Plaintiff's false arrest and false imprisonment claims are untimely and must be dismissed as frivolous.

Similarly, the "'statute of limitations for filing an action alleging an unconstitutional search and seizure begins to run at the time of the injury—when the plaintiff knows or has reason to know about the occurrence of the unconstitutional search.'"  *Codrington v. Dolak*, 142 F.4th 884, 890 (6th Cir. 2025) (quoting *Shamaeizadeh v. Cunigan*, 182 F.3d 391, 394 (6th Cir. 1999), *abrogated on other grounds by Wallace*, 549 U.S. at 384)).  Therefore, Plaintiff's claims based on the allegedly unlawful search and seizure accrued on the date of the search and seizure. *See Harper v. Jackson*, 293 F. App'x 389, 391 n.1 (6th Cir. 2008) (the statute of limitations on a claim based upon allegations of unlawful search and seizure begins to run on the date of the search); *Michel v. City of Akron*, 278 F. App'x 477, 480 (6th Cir. 2008) (same).  Thus, Plaintiff's

---

[2] Under the mailbox rule, a prisoner's document is deemed filed when presented to prison officials for mailing. *Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).

claims for illegal search and seizure are also barred by the statute of limitations and must be dismissed as frivolous.

### D. Violation of due process

Plaintiff also alleges violations of his right to due process. "'[I]f a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.'" *Davis v. Gallagher*, 951 F.3d 743, 752 (6th Cir. 2020) (quoting *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997)). The Sixth Circuit has "said the same with respect to malicious prosecution claims specifically: they should be pursued by way of the Fourth Amendment, not the Due Process Clause of the Fourteenth Amendment." *Id.* (citing *Durham v. Estate of Losleben By & Through Tatum*, 744 F. App'x 268, 270 (6th Cir. 2018)). In *Davis*, the Sixth Circuit found that the plaintiff's Fourth Amendment malicious prosecution claim "self-evidently rests upon a specific constitutional provision" which "forbids him from duplicating those claims by repackaging them as matters of substantive due process." *Id.* Therefore, the Court finds that Plaintiff's general allegations of violations of due process must be analyzed under the Fourth Amendment. Accordingly, Plaintiff's claims for violations of due process will be dismissed for failure to state a claim upon which relief may be granted.

### E. Malicious prosecution

Upon review of the complaint, the Cout finds that Plaintiff may have stated a claim for malicious prosecution if he had identified the specific individuals responsible for the alleged conduct. Therefore, the Court will dismiss the action without prejudice and with leave to amend to the complaint for Plaintiff to identify the specific individuals who he alleges are responsible in connection with his claim for malicious prosecution **only** and to state specifically how he alleges

each did so.   *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (allowing for amendment when the complaint is subject to dismissal under § 1915A); *Rashada v. Fiegel*, No. 23-1674, 2024 U.S. App. LEXIS 7883, at *12 (6th Cir. Apr. 1, 2024) (approving dismissal of *pro se* complaint without prejudice and with leave to amend).

The **Clerk of Court is DIRECTED** to place this case number and word "Amended" on a § 1983 complaint form and send it to Plaintiff, along with three summons forms, should Plaintiff choose to amend the complaint.

**IT IS ORDERED** that should Plaintiff file an amended complaint he must do so **no later than April 24, 2026.**

## IV. CONCLUSION

Accordingly, the Court will enter a separate Order dismissing the action.

Date:   March 26, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
4414.010

9