**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT BOWLING GREEN**

KENDAL P. SCOTT                                                                    PLAINTIFF

v.                                                              CIVIL ACTION NO. 1:25CV-P172-JHM

CITY OF BOWLING GREEN *et al.*                                              DEFENDANTS

### MEMORANDUM OPINION AND ORDER

Plaintiff Kendal P. Scott, an inmate at the Green River Correctional Complex, filed the instant *pro se* 42 U.S.C. § 1983 action.  By prior Memorandum Opinion and Orders, the Court undertook an initial review of the complaint and dismissed the action without prejudice and with leave to amend the complaint (DNs 9 and 10).  The Court gave Plaintiff leave to amend with regard to his malicious prosecution claim only and to identify the individuals he alleges are responsible in connection with that claim and state specific allegations against them.

Plaintiff has now filed an amended complaint in which he sues Bowling Green Police Department Detective Ryan Bessett, Detective Cody Hymer, and an unknown supervisory officer in their individual and official capacities (DN 13).[1]  The **Clerk of Court is DIRECTED to add "Unknown Supervisory Officer"** as a Defendant in the docket sheet.

The amended complaint is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A.  For the reasons stated below, the Court will dismiss some claims and allow other claims to proceed.

### I. SUMMARY OF ALLEGATIONS

In the amended complaint, Plaintiff states as follows:

Defendant Hymer and Bessett alleged that, in September/October 2020, Plaintiff made the purchase of a Ram truck from a man named Costello by using counterfeit

---

[1] Plaintiff also lists the City of Bowling Green in the caption of the amended complaint.  However, the Court already dismissed Plaintiff's claims against the City of Bowling Green in its prior Memorandum Opinion and Order (DN 9).

money.  Defendants Hymer and Bessett confiscated the truck without a warrant or probable cause.  Despite Defendant's knowledge that there was no probable cause to take the truck and arrest the Plaintiff, they still tried to prosecute the Plaintiff on the basis of Costello's false accusation, as it became clear that Costello reported the incident three days after the fact.  Based on such false statements by Costello, Defendant's Hymer and Bessett signed a complaint against the Plaintiff.  Plaintiff was incarcerated in the county jail.

Plaintiff further states that he "spent four years unlawfully detained in jail."  He asserts, "In November 2024, while Plaintiff was in jail awaiting trial, the Commonwealth filed a motion to dismiss the charges due to insufficient evidence."  He maintains that the actions of Hymer and Bessett "in arresting and prosecuting the Plaintiff without a warrant or probable cause constitutes malicious prosecution in violation of the Fourth Amendment of the United States Constitution."

As relief, Plaintiff seeks compensatory and punitive damages and unspecified injunctive relief.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers,*

*USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'"  *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States.  A claim under § 1983 must therefore allege two elements:  (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Absent either element, no § 1983 claim exists.  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Official-capacity claims

"Official capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'"  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).  Thus, Plaintiff's official-capacity claims against Defendants are actually brought against their employer, the City of Bowling Green.  When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues:  (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).  In regard to the second component, a municipality cannot be held responsible

for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Plaintiff does not allege that any action stated in the complaint was taken pursuant to a policy or custom of the City of Bowling Green. Accordingly, the official-capacity claims against Defendants will be dismissed for failure to state a claim upon which relief may be granted.

### B. Individual-capacity claims

### 1. Unknown Supervisory Officer

To state a claim under § 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "Because § 1983 liability cannot be imposed under a theory of *respondeat superior*, proof of personal involvement is required for a supervisor to incur personal liability." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005). "[S]imple awareness of employees' misconduct does

4

not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)).  Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) ("In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)).

Plaintiff does not allege that the Unknown Supervisory Officer was personally involved in the violation of his rights.  Plaintiff's allegations are presumably based on his or her supervisory authority over the other Defendants.  Therefore, Plaintiff's individual-capacity claim against the Unknown Supervisory Officer will be dismissed for failure to state a claim upon which relief may be granted.

### *2. Besett and Hymer*

The Court will allow Plaintiff's § 1983 claims for malicious prosecution in violation of the Fourth Amendment to proceed against Defendants Bessett and Hymer in their individual capacities.  In allowing the claims to proceed, the Court passes no judgment on their merit or ultimate outcome.

### IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's official-capacity claims and his claim against the Unknown Supervisory Officer in his/her individual capacity are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Because no claims remain against them, the **Clerk of Court is DIRECTED to terminate the City of Bowling Green, Bowling Green Police Department, Judge Grise,[2] and the Unknown Supervisory Officer** as parties to this action.

The Court will enter a separate Service and Scheduling Order to govern the development of the claims the Court has allowed to proceed.

Date:    July 8, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
       Defendants Bessett and Hymer
       Bowling Green City Attorney
4414.010

---

[2] Plaintiff sued the Bowling Green Police Department and Judge Grise in the original complaint, and the Court dismissed the claims against those Defendants in the prior Memorandum Opinion and Order (DN 9).